This appeal is from the judgment of the Superior Court, Chancery Division, Bergen County, admitting to probate the will of Adelaide Zalesky.
The grounds assigned for reversal are that the will was improperly executed, that deceased lacked testamentary capacity and was unduly influenced.
Testatrix died October 29, 1945, in St. Mary's Hospital, Passaic, at the age of 92. She made a will November 28, 1939, and a codicil thereto March 6, 1942, in both of which the caveator-appellant was named as a beneficiary. Her last will from the probate of which this appeal is taken was executed while she was confined in St. Mary's Hospital on August 4, 1943. Testatrix was bedridden at the time and had suffered a long time from secondary arthritis and chronic myocarditis. The will was prepared by Harry M. Bierne, a member of the Bar, who says he received instructions as to its contents from Father Boyce. Bierne did not know the testatrix and never *Page 546 
saw her until he brought the will which he had prepared to her in the hospital to be executed. Testatrix' attorney was George F. Plympton, trust officer of the Hackensack Trust Company. The bank was trustee for her estate under a trust indenture dated April 25, 1932.
Mr. Bierne, so far as the record discloses, made no inquiry of the decedent as to the extent of her estate or the natural objects of her bounty. He simply submitted the will to the testatrix for execution as prepared by him from the instructions he received from Father Boyce. Such conduct on the part of a lawyer was criticised by Vice-Ordinary Fielder in Re Smalley'sEstate, 124 N.J. Eq. 461, 467. Bierne when asked if testatrix read the will replied "whether she read it I don't know, but apparently she didn't read it all because she said the glasses, she couldn't see with the glasses" and that he read it to her. Asked if she was satisfied with the will Bierne says she replied "she wasn't sure, that she wanted me to reread the will, there may be a clause that she wanted to change."
Father Boyce was Mrs. Zalesky's pastor and himself confined to the same hospital while Mrs. Zalesky was there as a patient. The beneficiaries under the will are Father Boyce to whom she bequeathed an automobile and $1,000 for masses for the repose of the souls of her deceased parents, husband and sister; Doctor Calabrese, a member of the hospital staff, Sisters Martha, Anita and Agnes Columba of the hospital, and Mary Burke and Ann Toman nurses, and the residue of her estate she bequeathed to the hospital.
Father Boyce, the executor named therein and the proponent of the will and who selected the lawyer who drew the will according to his instructions as to its contents, did not testify. The reason, if any, for his failure to testify does not appear in the record. He was the one person who allegedly heard from the lips of the testatrix the manner in which she desired to dispose of her estate. In our view he was an indispensable witness not only to counteract the presumption which the testimony before us raises of undue influence, but also to show that the testatrix possessed testamentary capacity *Page 547 
and that the will as submitted to her for execution contained her expressed instructions to him as to its contents.
The judgment of the Superior Court, Chancery Division, Bergen County, admitting the will to probate is reversed.